IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. RAKOCZY | ) | CASE NO. 1:09CV2949 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | |
| | ) | |
| STATE OF OHIO | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Robert E. Rakoczy has filed a "Petition for Reconsideration" of the dismissal of his Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254, Case No 1:09CV1889, for failure to timely file his Petition within the one year limitation period provided in 28 U.S.C. § 2244(d)(1). The Court stated that "[E]ven if a cognizable habeas corpus issue were set forth, it is evident on the face of the petition that Rakoczy exhausted all available remedies well over one year prior to the date he filed this action." He alleges that because he is claiming that the state court lacked jurisdiction over his criminal case, he does not have to exhaust state court remedies.

Motions for reconsideration are treated as if filed under Rules 59(e). *Harshaw v. Bethany Christian Services*, 2010 WL 331708 * 4 (W.D. Mich. Jan 22, 2010). However, a motion filed under either Rule must be filed in the original case. The Petitioner cannot avoid the original case on the ground of an incorrect judgment or to find a sympathetic judge. For that reason alone, this action must be dismissed.

Petitioner contends that he should be allowed to file a petition at any time without having to exhaust state remedies when he is alleging the state court lacks jurisdiction over his case.

However, a federal court may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *Brown v. Harry*, 2009 WL 3756684 * 1 (E.D.Mich., Nov.10, 2009) (citing *Harris v. Lafler,* 553 F.3d 1028, 2031 (6th Cir. 2009). The Sixth Circuit Court of Appeals has recently decided that the exhaustion requirement should be strictly enforced. *See Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir.2009). The exhaustion requirement can be ignored where further action in state court would be futile such as where claims are wrongfully ignored by the state courts. *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). *See Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (a habeas corpus petitioner's failure to exhaust state remedies should be excused where his petition for post-conviction relief has languished in state court for more than three years because the state court's inordinate delay in adjudicating the petitioner's claims rendered the state procedures "ineffective or inadequate and thus undercut the foundation of the exhaustion requirement). There is no allegation that Petitioner's case was delayed in state court.

Furthermore, whether or not a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a function of the state courts, not the federal judiciary. *Umbarger v. Curley*, 2010 WL 199995, 2 (E.D. Mich., Jan 14, 2010) (citing *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir.1976)). Violation of state law may not provide a basis for federal habeas relief. *Id.; Estelle v. McGuire,* 502 U.S. 62, 67 (1991); 28 U.S.C. § 2254(a). A state court's determination of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 Fed. Appx. 473, 475 (6th Cir. 2001).

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED**.**

Date:   2/12/10                                                            **S/Peter C. Economus**
                                                                                       JUDGE PETER C. ECONOMUS
                                                                                       UNITED STATES DISTRICT JUDGE